UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

                    Plaintiff,              **MEMORANDUM OPINION**
         v.                                 **AND ORDER**
                                            Criminal No. 23-279 ADM/DLM
Nakia Marquire Martin,                      Civil No. 25-4819 ADM

                    Defendant.

_____

Katharine T. Buzicky, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Nakia Marquire Martin, pro se.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Nakia Marquire Martin's ("Martin") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 88].[1]  For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

On January 4, 2024, Martin entered a plea of guilty to being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).  See Min. Entry [Docket No. 33]; Plea Agreement [Docket No. 35].  In the Plea Agreement, Martin waived most of his rights to appeal his sentence.  Plea Agreement at 7-8.  He also "knowingly and voluntarily waive[d] all rights to contest [his] conviction or sentence in any collateral postconviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for a claim of

_____

[1] All citations are to the criminal case docket.

1

ineffective assistance of counsel or an applicable change in the law." Id. at 8. At the change of plea hearing, the Court reviewed the waiver provisions in the Plea Agreement with Martin. Id. at 19-20. Martin affirmed that he understood the provisions and that his waiver was knowing, intelligent, and voluntary. Id.

On June 18, 2024, the Court sentenced Martin to a term of 77 months. See Min. Entry [Docket No. 58]; Sentencing J. [Docket No. 59] at 2. Martin appealed his sentence, arguing that the Court erred in applying the obstruction-of-justice adjustment under U.S.S.G. § 3C1.1. See United States v. Martin, App. No. 24-2412, Entry ID 5444198. The Government moved to dismiss Martin's appeal based on the appellate waiver in the Plea Agreement. Id. at Entry ID 5415247. The Eighth Circuit granted the Government's motion and dismissed the appeal on November 18, 2024. Id. at Entry ID 5457710. Martin did not seek certiorari or otherwise challenge the dismissal of his appeal.

On December 30, 2025, Martin timely filed this § 2255 Motion to vacate his sentence. He argues that his sentence must be vacated pursuant to the Supreme Court's decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), which held that a New York law requiring "proper cause" to carry a firearm violated the Second Amendment. Martin argues that under Bruen, his conviction under § 922(g)(1) violates the Second Amendment.

### III. DISCUSSION

**A. Legal Standard**

Persons in federal custody are provided a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of their sentence under 28 U.S.C. § 2255. See United States v. Addonizio, 442 U.S. 178, 185 (1979). "Relief under 28 U.S.C. § 2255 is

reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and if uncorrected, would result in a complete miscarriage of justice." Walking Eagle v. United States, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (quotation omitted). If a defendant procedurally defaults on a claim by failing to raise it on direct review, "the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and 'actual prejudice,' or that he is 'actually innocent.'" Id. at 622 (internal citations omitted).

## B.  Analysis

Martin's § 2255 Motion fails for at least three reasons. First, Martin has procedurally defaulted on his claim under Bruen because he failed to raise the claim in his appeal. Martin has not argued, much less established, that the default should be excused based on cause and actual prejudice, or that he is actually innocent of the offense. He therefore cannot raise the Bruen claim in a § 2255 motion. Bousley, 523 U.S. at 622.

Second, Martin's § 2255 Motion is covered by the collateral-attack waiver in his Plea Agreement. A defendant's waiver of his right to seek collateral relief under § 2255 "is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would not result in a miscarriage of justice." Ackerland v. United States, 633 F.3d 698, 701 (8th Cir. 2011). Here, Martin "knowingly and voluntarily waive[d] all rights to contest [his] conviction or sentence in any collateral postconviction proceeding, including one pursuant to

3

Title 28, United States Code, Section 2255, except for a claim of ineffective assistance of counsel or an applicable change in the law." Plea Agreement at 8. Martin is not claiming ineffective assistance of counsel, and there has been no applicable change in the law because Bruen was decided two years before Martin was sentenced. As such, the collateral-attack waiver applies.

Finally, the § 2255 Motion fails on the merits. Martin's argument that Bruen renders § 922(g)(1) unconstitutional is contradicted by binding Eighth Circuit precedent in United States v. Jackson, 110 F.4th 1120 (8th Cir. 2024), cert. denied, 145 S. Ct. 2708 (2025). Jackson holds that "Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons," and that § 922(g)(1) is constitutional under the Supreme Court's Second Amendment jurisprudence, including Bruen and United States v. Rahimi, 144 S. Ct. 1889 (2024). Id. at 1129. Martin's § 2255 Motion is therefore denied.

## IV. EVIDENTIARY HEARING

An evidentiary hearing is not warranted, as the § 2255 Motion and the files and record in this case conclusively show that Martin is not entitled to § 2255 relief. 28 U.S.C. § 2255(b); Noe v. United States, 601 F.3d 784, 792 (8th Cir. 2010).

## V. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it

unlikely that another court would decide the issues raised by this § 2255 Motion differently, or that any of the issues raised by Martin's § 2255 Motion would be debatable among reasonable jurists. Thus, the Court declines to grant a certificate of appealability.

## VI.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Nakia Marquire Martin's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 88] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Dated: April 9, 2026

 s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT